■ PATRICIA O'BRIEN et al., Appellants, v ANDRZEJ B. MOSZYNSKI, Respondent, et al., Defendants. — In an action to recover damages based upon fraud and conspiracy in connection with the sale of a condominium home in a development promoted by defendants, plaintiffs appeal from an order of the Supreme Court, Westchester County (Cerrato, J.), dated November 5, 1982, which struck the action from the Jury Trial Calendar of that court and placed it on the Nonjury Calendar. ¶ Order affirmed, with costs. ¶ The provision of the purchase agreement which is at issue on this appeal specifically provides as follows: "22. Waiver of Jury Trial. Trial by jury in any action, proceeding or counterclaim arising out of or from this Agreement is hereby waived by Purchaser, to the extent permitted by law." ¶ The complaint sought damages from the original sponsor, its associate entities and their principals with

respect to misrepresentations as to the quality of construction, additional projects to have been completed, such as a swimming pool and tennis courts, and fraudulent advertising material used. The note of issue filed by plaintiffs demanded a trial by jury. ¶ Defendant Moszynski was a principal officer and promoter of the original sponsor. He moved for an order striking this matter from the Jury Calendar and placing it on a Nonjury Calendar on the ground that by the terms of the written contract, plaintiffs had waived their rights to a trial by jury. Plaintiffs maintain that Moszynski, who was not a signatory to the contract and who denied any liability under it, may not now utilize the contract to deprive them of their inalienable right to a jury trial. ¶ Plaintiffs at no point deny that they are signatories to the purchase agreement. On the contrary, they are reaffirming and relying upon the existence of the contract by virtue of their claim for damages. A party who has signed an agreement may not simultaneously rely upon it as the foundation of the claim for damages and repudiate a provision contained therein to the effect that the right to a trial by jury is waived (see *Ripple's of Clearview v Le Havre Assoc.*, 85 AD2d 660; *Fay's Drug Co. v P & C Prop. Co-op.*, 51 AD2d 887; *Leav v Weitzner*, 268 App Div 466, 468; *Pratt v Trustees of Sailors' Snug Harbor*, 19 Misc 2d 551). ¶ Inasmuch as the plaintiffs do not question the validity of the contract on the basis of a claim of fraudulent inducement, plaintiffs' reliance upon the tenet that "one who disaffirms for fraud a writing which contains a jury waiver clause should not be required to proceed to trial without a jury until there has been a determination as to the validity of the disputed instrument" (*Federal Housecraft v Faria*, 28 Misc 2d 155, 156), is misplaced. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.