■ RICHARD B. YOUNG et al., Respondents, v HUGH KEITH et al., Appellants.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered September 10, 1984 in Fulton County, which denied defendants' motion to dismiss the complaint and for summary judgment on their counterclaim.

Pursuant to a contract between the parties, plaintiffs purchased the Northway Mobile Home Park, an ongoing business including real and personal property, for $850,000. Plaintiffs subsequently learned that the water and sewer systems at the mobile home park were in serious disrepair and required expensive reconstruction. After the parties could not resolve their differences over liability for the deficiencies, plaintiffs commenced this action for breach of contract, breach of im-

plied warranty and fraud. Plaintiffs allege that defendants were aware of the deficiencies in the water and sewer systems but failed to disclose them to plaintiffs, who would not have purchased the mobile home park had they known. Plaintiffs further allege that the deficiencies constitute a breach of the contract and a breach of an implied warranty of fitness.

Defendants denied the material allegations of the complaint and asserted a counterclaim for the value of fuel oil left in the tank at the mobile home park at the time of closing, which plaintiffs allegedly failed to pay as required by the contract of sale. Defendants then moved to dismiss the complaint for failure to state a cause of action and for summary judgment on the counterclaims. Special Term denied the motion and this appeal by defendants followed.

The first cause of action alleges that defendants breached the contract with regard "to the condition of the mobile home park and its sewer and water facilities". A review of the contract, however, reveals no conditions or representations with respect to the sewer and water facilities. Indeed, the contract specifically disclaims the existence of any such conditions or representations and, in the absence thereof, an action for breach of contract cannot be maintained.

The second cause of action alleges that defendants breached an implied warranty that the mobile home park was fit to be used for such purpose because of the deficiencies in the sewer and water facilities. Although an implied warranty of habitability has been held to exist on a new dwelling (*De Roche v Dame,* 75 AD2d 384, *lv dismissed* 51 NY2d 821), plaintiffs have cited no authority to support the imposition of an implied warranty in the situation present herein and, in the absence of persuasive reasoning, we decline their invitation to extend the implied warranty of habitability on a new dwelling. In any event, the contract clearly indicates that plaintiffs inspected the premises and were purchasing the property "as is", and that defendants made no representations, inducements, or express or implied warranties. Accordingly, an action for breach of implied warranty cannot be maintained.

The third cause of action alleges that defendants fraudulently induced plaintiffs to enter into the contract. A claim for fraud must allege a representation of a material existing fact, falsity, scienter, deception and injury (*see, e.g., Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871). Of course, nondisclosure may constitute a false representation where a party has a duty to communicate the undisclosed information to the other

contracting party (24 NY Jur, Fraud and Deceit, § 106, at 159). Such a duty can arise when one party to a contract has superior knowledge which is not available to both parties (24 NY Jur, Fraud and Deceit, § 108, at 162). As the Court of Appeals has stated, "Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact" (*Nasaba Corp. v Harfred Realty Corp.*, 287 NY 290, 295). Considering the allegations that the mobile home park was sold as an operating business and that the sewer and water systems' deficiencies were known by defendants to require very expensive reconstruction and to pose a threat to the business' operating license, a duty to disclose the deficiencies could be found. Plaintiff's complaint can be further read to allege that they could not have discovered the deficiencies through an ordinary inspection and that they would not have purchased the property had they known of them. Considering these allegations, we believe that plaintiffs' third cause of action for fraud is sufficient to withstand defendants' motion to dismiss.

Finally, we conclude that summary judgment was properly denied on defendants' counterclaim. By affidavit, defendant Hugh Keith indicates that the parties had agreed to an oil adjustment in the amount of $900, which was to have been paid at some time after the October 8, 1982 closing. By letter dated October 25, 1982, however, defendants were asked to provide data confirming the amount due for the oil adjustment. This letter raises an issue of fact as to whether the parties actually agreed to an adjustment in the amount of $900, for it seems unlikely that verification of the amount due would have been requested if an agreement had been reached. Accordingly, summary judgment was properly denied on this record.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the first and second causes of action of plaintiffs' complaint; said causes of action dismissed; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.