Marc L. Smith et al., Respondents, v John J. Fitzsimmons, Sr., et al., Appellants, et al., Defendant.

Fourth Department, June 5, 1992

APPEARANCES OF COUNSEL

*Hiscock & Barclay (Marsha M. Schenck* of counsel), for appellants.

*Devorsetz, Stinziano, Gilberti & Smith, P. C. (M. Mark Grodosky* of counsel), for respondents.

## OPINION OF THE COURT

CALLAHAN, J. P.

Plaintiff Marc L. Smith entered into a written contract for the purchase and sale of a house with defendants John J. Fitzsimmons, Sr., and Rita A. Fitzsimmons. The contract provided that "[t]he buildings and the premises herein have been inspected by the PURCHASER and are hereby sold 'as is' without warranty as to condition, express or implied". It contained the standard merger provision that all the terms, conditions, warranties, representations or statements were included therein. Prior to closing, plaintiffs inspected the house at which time they observed the presence of fleas. Plaintiffs contacted defendants and advised them of the fleas. Mr. Fitzsimmons assured plaintiffs that "the flea problem was a new development which could be easily remedied and that he would take care of it". An exterminator sprayed the house on the day scheduled for the closing. Plaintiffs did not reinspect the premises. However, at closing $500 was escrowed in the event that a second treatment was necessary. Following the closing, plaintiffs found that the flea problem was still present and informed defendants. They refused to take any further action with respect to that condition. Plaintiffs had the exterminator return and paid professional cleaners to clean the entire house, including the carpeting, in order to rid the premises of fleas; nothing worked. They found the condition to be so severe that they were forced to vacate the premises.

Plaintiffs commenced this action seeking rescission of the contract, together with compensatory and punitive damages. Their complaint alleged causes of action for breach of contract, breach of express and implied warranty, negligent misrepresentation, fraudulent misrepresentation, and civil conspiracy. After defendants served their answer, they brought a motion for summary judgment seeking to dismiss plaintiffs' complaint against them, or, in the alternative, for partial summary judgment dismissing some of those causes of action, and also seeking dismissal of plaintiffs' claims for punitive

damages, as well as dismissal of all claims by plaintiff Jill Smith. Supreme Court summarily denied that motion in its entirety.

▪ In support of the first cause of action for breach of contract, plaintiffs rely upon alleged oral representations made by defendants about the extent of the flea problem, that the house was habitable and that there were no hidden or latent defects. As previously noted, the contract specifically provided that the premises had "been inspected by the PUR-CHASER and are hereby sold 'as is' without warranty as to condition, express or implied"; the contract further expressly provided that it "contains all agreements of the parties", and that the "agreement may not be changed orally". Thus, parol evidence is inadmissible to contradict, vary, add to, or subtract from the terms of the written agreement between the parties *(see, Thomas v Scutt,* 127 NY 133; *Aratari v Chrysler Corp.,* 35 AD2d 1077). Where the contract specifically disclaims the existence of any such warranties or representations, an action for breach of contract cannot be maintained *(see, Young v Keith,* 112 AD2d 625, 626).

▪ Plaintiffs' second cause of action alleges breach of warranty. There, plaintiffs allege that defendants breached express and implied warranties of habitability. The agreement, however, contains no express warranty with respect to habitability nor flea and/or insect infestation. Although the law recognizes an implied "housing merchant" warranty which is imposed by legal implication in contracts involving newly constructed homes *(see, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 58-59; *Milstein v Incorporated Vil. of Port Jefferson,* 154 AD2d 442), there is no implied warranty of habitability where, as here, the house being sold is not a newly constructed home *(see, Young v Keith, supra,* at 626).

▪ Defendants contend that the court erred in denying their motion to dismiss the complaint of plaintiff Jill Smith since she was not a party to the contract. We agree. As a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations *(Henry v Guastella & Assocs.,* 113 AD2d 435, 437, *lv denied* 67 NY2d 605).

▪ We also agree with defendants that Supreme Court erred in denying their motion to dismiss plaintiffs' eighth cause of action for civil conspiracy. There is no substantive tort of civil conspiracy; thus, there cannot be any cause of action for

conspiracy to breach the contract *(see, Bereswill v Yablon,* 6 NY2d 301, 306, *rearg denied* 7 NY2d 756; *Danahy v Meese,* 84 AD2d 670, 672; *Tighe v Ginsberg,* 146 AD2d 268, 270; *see also, Sparka Travel v Hamza,* 182 AD2d 1067).

█ Likewise, the motion to dismiss plaintiffs' claims for punitive damages should have been granted. Punitive damages "may only be awarded for exceptional misconduct which transgresses mere negligence, as when the wrongdoer has acted 'maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness' * * * or has engaged in 'outrageous or oppressive intentional misconduct' or with 'reckless or wanton disregard of safety or rights' " *(Sharapata v Town of Islip,* 56 NY2d 332, 335; *Camillo v Olympia & York Props. Co.,* 157 AD2d 34, 45-46). In our view, the allegations of the complaint do not support an award of punitive damages *(see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196).

█ Plaintiffs allege in their third and fourth causes of action that defendants either negligently or intentionally failed to disclose to plaintiffs the level of flea infestation in the residence and plaintiffs relied upon those representations to their detriment. Plaintiffs averred that prior to entering into the contract, defendants assured them that there were no latent or hidden defects in the house. It is further averred that although the flea problem was observed prior to closing, they were assured by defendants that it was "a new development which could be easily remedied" and that they "would take care of it".

It is well settled that a general merger clause in a contract is ineffective to bar parol evidence of fraud in the inducement in an action to rescind the contract or in an action for fraudulent misrepresentation *(see, Danann Realty Corp. v Harris,* 5 NY2d 317, 320; *Sabo v Delman,* 3 NY2d 155; *DiFilippo v Hidden Ponds Assocs.,* 146 AD2d 737; *De Bell v Nothnagle Florida Realty Corp.,* 24 AD2d 825). Since the record establishes that there is a genuine and substantial issue of fact concerning the alleged misrepresentations relating to latent defects and the extent of the flea infestation, we conclude that Supreme Court properly denied defendants' motion to dismiss plaintiffs' third and fourth causes of action for negligent and fraudulent misrepresentation.

Accordingly, Supreme Court erred (1) in denying the motion to dismiss the first, second, and eighth causes of action; (2) in

denying the motion to dismiss the complaint of Jill Smith; and (3) in failing to dismiss the claims for punitive damages.

BOOMER, BALIO, LAWTON and DOERR, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by CALLAHAN, J. P.