■ NATIONAL BANK OF GENEVA, Respondent, v ELAINE L. ZUKAITIS et al., Appellants. (Appeal No. 1.) [598 NYS2d 1020] — Appeals unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeals from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ NATIONAL BANK OF GENEVA, Respondent, v ELAINE L. ZUKAITIS et al., Appellants. (Appeal No. 2.) [598 NYS2d 885] — Judgment affirmed without costs. Memorandum: In our discretion, we treat the notice of appeal filed by Elaine L. Zukaitis from the order as one taken from the judgment *(see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

All concur except Fallon, J., who dissents and votes to reverse in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent. The failure to reveal information one is duty bound to reveal may constitute fraud if the other party relies upon the nondisclosure. Such a duty can arise when the party to a contract has superior knowledge not available to both parties *(Young v Keith,* 112 AD2d 625, 626). I believe that defendants submitted sufficient proof to create a question of fact regarding their claim of

fraudulent nondisclosure. There is nothing in this record that would justify concluding that Eileen A. Zukaitis was fully informed concerning James Volpe's business dealings. In Volpe's affidavit submitted on the motion, Volpe averred "that it [National Bank of Geneva] was approaching its loan limit and would prefer use of a third party in whose name the loan could be placed" and would require Volpe to post additional collateral security in the form of mortgages on property owned by him. The collateral mortgages were prepared by the plaintiff's attorney "as security for and as condition precedent to the advancement of funds to Eileen". Plaintiff has not controverted or challenged defendants' contentions that the mortgages executed by Volpe contemporaneously with the closing of the loan to Eileen were to serve as collateral security for that loan other than to state in its counterstatement of facts "Lender simply states, as it did at Special Term, that mortgages taken as collateral for Volpe debt [sic] cannot, as a matter of law, be collateral for maker's debt on which Volpe is not liable." There is nothing in the record which would justify the execution of these mortgages except as security for the extension of the additional loan of $150,000 to Eileen. I cannot understand the rationale that the mortgages should now stand as security for debt which previously existed. I would reverse the judgment and deny plaintiff's motion for summary judgment. (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Promissory Note.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.