■ HIGGINS BROS. REALTY CORP., Appellant, v ORTHO-MEDICAL PRODUCTS, INC., et al., Respondents and Third-Party Plaintiffs-Respondents. PLAZA 230 ASSOCIATES, Third-Party Defen-

dant-Respondent. [610 NYS2d 8] —Order, Supreme Court, Nassau County (Francis X. Becker, J.), entered on or about December 5, 1991, which granted the third-party defendant's motion for summary judgment, dismissed the third-party complaint and dismissed plaintiff's complaint, unanimously affirmed, with costs.

Plaintiff, the purchaser of condominium Unit 16 of the building located at 230 Hilton Avenue in Hempstead, New York, seeks recision and damages based upon alleged misrepresentations regarding the number of square feet comprising the interior space of the unit. Given the motion court's authority, on a motion for summary judgment to search the record and grant judgment to the nonmoving party *(Raine v Gleason,* 194 AD2d 395, *lv denied* 82 NY2d 655), both the complaint and the third-party complaint were properly dismissed in this case.

The contract between plaintiff and Ortho provided that the sale was subject to "[a]ny state of facts an accurate survey would show," and additionally subject to "[t]he Declaration [of Condominium], and all matters referred to in the Declaration." Paragraph 2.9 of the contract provided that plaintiff was to have access to the Unit to take measurements and for similar purposes upon reasonable notice, and additionally contained a merger clause, precluding the assertion by plaintiff of reliance upon any purported oral misrepresentations. Where a " 'party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations.' " *(Danann Realty Corp. v Harris,* 5 NY2d 317, 322, quoting *Shumaker v Mather,* 133 NY 590, 596.) In this case, therefore, notwithstanding the procedural irregularities, the complaint was ripe for dismissal. Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.