■ THOMAS MIRANDI, Respondent, v 210 WEST 19TH STREET CONDOMINIUM et al., Appellants, et al., Defendant. [669 NYS2d 592] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about May 22, 1997, granting plaintiff's motion to preliminarily enjoin defendant condominium from removing, replacing or altering the fence along the courtyard adjacent to plaintiff's premises, and denying defendant-seller's cross-motion to dismiss plaintiff's second cause of action to rescind the contract sounding in mutual mistake and the third cause of action sounding in fraud, unanimously reversed, on the law and the facts, without costs, the motion denied and the cross-motion granted.

Plaintiff purchased two adjoining condominium units in a sixty unit building. The two units, one on the cellar level and the other immediately above it, were joined as a duplex, facing the building's twenty foot square courtyard, to which the cellar unit had its own access doorway. The courtyard, to which fire escapes also exited, adjoined an alleyway to the street, although the street entrance was secured by gates, and it was in close proximity to the building's laundry room's doorway into the alleyway. The sellers had erected an interior fence separating the courtyard from the alleyway, and used the courtyard, in which they placed outdoor furniture and other comforts, for their private purposes. The fence was not permanently affixed to the concrete or the building. The real estate advertisement indicated that the units included "outdoor space," but made no additional representations. Plaintiff nevertheless alleged that the real estate broker had verbally indicated that prior owners of these units had enjoyed exclusive use of the courtyard. The contract was negotiated at arm's length and both sides were represented by counsel. The sale contract included the outdoor furniture, but neither the contract nor the deed indicated that the premises being conveyed included the courtyard. Moreover, the standard buyer's representation in the contract reflected that the buyer had examined or waived examination of the condominium's governing instruments, that the buyer had not relied on oral representations not made in the contract, that the buyer disclaimed warranties not set forth in the contract and that the contract contained the standard merger clause.

After title was transferred and plaintiff took possession, the managing agent informed plaintiff that the fence would have to be removed and the courtyard would have to be cleaned, prompting plaintiff's letter to the condominium corporation's president seeking an acknowledgment that the courtyard historically had been reserved for the unit owner's exclusive use. Sellers' attorney provided plaintiff with a copy of a letter to the sellers, from the managing agent, purporting to reflect that at a specified Board meeting, the sellers had been granted exclusive use. Defendant condominium initially responded that the sellers had only been granted access to the courtyard and not exclusive use, but the managing agent later conceded that the sellers might have been granted a personal request. The condominium by-laws permitted exclusive use of a common area only if the subject area exclusively serviced the owner, circumstances not present herein in view of fire escape access and easy access to the laundry room. Subsequently, the condominium Board of Directors unanimously voted to compel plaintiff to remove his property from the courtyard.

Plaintiff commenced this action seeking a declaration of his right to exclusive use of the courtyard or, in the alternative, voiding the contract, asserting claims sounding in fraud and mutual mistake. Thereafter, he sought injunctive relief preserving his exclusive use. The sellers, as well as the real estate broker, submitted affidavits denying that they had made any representation concerning exclusive use.

Supreme Court denied the cross motion to dismiss on the basis of the real estate advertisement and plaintiff's allegations concerning the real estate broker's representations; and granted injunctive relief, finding that the letter from the managing agent to the sellers demonstrated the likelihood of plaintiff's success. However, these conclusions are contrary to settled principles of real estate and contract law.

Plaintiff's acknowledgment of the standard buyer's representations and waivers in the real estate contract in tandem with the merger clause (*Higgins Bros. Realty Corp. v Ortho-Medical Prods.*, 202 AD2d 371; *198 Ave. B Assocs. v Bee Corp.*, 155 AD2d 273) are final on the nature of the agreement and preclude consideration of parol evidence, and require dismissal. The contract, negotiated at arm's length by counsel for both parties, omitting any mention of the courtyard, bars the fraud claim (*Cohan v Sicular*, 214 AD2d 637). Since plaintiff concedes several inspections of the property and access to the necessary documentation, it follows that if the alleged representations had been made, due care would have warranted inclusion of

the courtyard in the contract. Nor is this result altered by any reasonable construction of management's letter to the sellers, which suggests no more than a personal accommodation to them, not affecting title. Finally, since there is no likelihood of success on the merits, injunctive relief should have been denied. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.