■ EMANUEL DOUROUNTOUDAKIS et al., Appellants, v JAMES A. ALESI et al., Respondents. [706 NYS2d 476] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court,

Queens County (Leviss, J.H.O.), entered December 16, 1999, which, after a nonjury trial, and upon an order of the same court dated April 27, 1998, denying their motion to set aside a decision in favor of the defendants, is in favor of the defendants and against them dismissing the complaint. The notice of appeal from the order dated April 27, 1998, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

This action arises from the plaintiffs' purchase of a commercial building from the defendants. The plaintiffs allege that they were entitled to certain prepaid rents in the possession of the defendants. Although the existence of such prepaid rents was apparent from the terms of the leases produced by the defendants at the closing, the plaintiffs alleged that they were unaware of them until approximately three months later. After a nonjury trial, the court entered judgment in favor of the defendants. We affirm.

It is well settled that "the obligations and provisions of a contract for the sale of land are merged in the deed and, as a result, are extinguished upon the closing of title" unless "there is a clear intent evidenced by the parties that a particular provision shall survive delivery of the deed, or where there exists a collateral undertaking" (Davis v Weg, 104 AD2d 617, 619). Here, the plaintiffs presented no evidence that the parties intended that any provision of the contract was to survive delivery of the deed. Further, although the plaintiffs presented evidence of a collateral undertaking between the parties settling an issue concerning delinquent rents, the undertaking did not cover the prepaid rents at issue.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.