■ STEVEN BEDOWITZ et al., Respondents, v FARRELL DEVELOPMENT COMPANY, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [735 NYS2d 150] —In an action, *inter alia*, to recover damages for breach of contract, the defendant Farrell Development Company, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 30, 2001, as denied those branches of its motion which were for summary judgment dismissing the second cause of action to recover damages for breach of contract, and the fourth cause of action to recover damages for fraud insofar as asserted against it in the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion are granted, and the second and fourth causes of action in the amended complaint are dismissed insofar as asserted against the appellant.

The plaintiffs purchased a new house which was constructed and owned by the appellant, Farrell Development Company, Inc. (hereinafter Farrell). Approximately six months after the closing the plaintiffs commenced this action against Farrell, claiming that the house was riddled with defects. In their amended complaint, *inter alia*, the plaintiffs asserted a cause of action to recover damages for breach of contract, predicated upon alleged oral representations made to the plaintiffs by Farrell's president, and a cause of action alleging fraud which was also based upon those representations.

The parties' contract stated that the plaintiffs were buying the property based upon their own physical inspection thereof, and that they were not relying upon any oral representations. It also recited that the agreement constituted the parties' full understanding, could not be orally modified, and that the property was being purchased in an "as is" condition. Under these facts and circumstances, "parol evidence is inadmissible to contradict, vary, add to, or subtract from the terms of the written agreement between the parties" (*Smith v Fitzsimmons*, 180 AD2d 177, 180). In addition, "where [as here] the contract specifically disclaims the existence of any such warranties or representations, an action for breach of contract cannot be maintained" (*Smith v Fitzsimmons, supra*, at 180; *see also,*

*Mirandi v West 19th St. Condominium,* 248 AD2d 198; *Platz-man v Morris,* 283 AD2d 561). Nor is a different result compelled by the fact that the house was only partially completed at the time the plaintiffs executed the contract of sale.

The Supreme Court also erred in denying that branch of the motion which was to dismiss the fraud cause of action since the contract contained "a specific disclaimer [which] defeats any allegation that the contract was executed in reliance upon contrary oral representations" (*Busch v Mastropierro,* 258 AD2d 492, 493; *see also, Danann Realty Corp. v Harris,* 5 NY2d 317; *Masters v Visual Bldg. Inspections,* 227 AD2d 597). Furthermore, the alleged misrepresentations concern open and obvious defects which could have been discovered by the plaintiffs before closing through the exercise of due diligence (*see, Busch v Mastropierro, supra*). Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.