■ CROWLEY MARINE ASSOCIATES, Appellant, v NYCONN ASSOCIATES, L.P., Respondent. [738 NYS2d 681] —In an action to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated November 16, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action involves the sale of commercial real estate. The plaintiff, asserting causes of action sounding in fraud and breach of contract, alleged that the defendant seller falsely represented that the property taxes on the property were $14,000 annually when in fact they exceeded $22,000 annually.

The cause of action to recover damages for fraud must be dismissed. It is essentially one to recover damages for breach of contract, since the alleged false representation was set forth in a rider to the contract of sale. Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud (*see, Weitz v Smith,* 231 AD2d 518; *Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409; *Americana Petroleum Corp. v Northville Indus. Corp.,* 200 AD2d 646, 647-648). Therefore, the plaintiff failed to state a cause of action to recover damages for fraud.

The plaintiff also failed to state a cause of action to recover damages for breach of contract. Title to the property had closed

and the deed was delivered. Therefore, any claims the plaintiff might have had arising from the contract of sale were extinguished by the doctrine of merger unless there was a "clear intent evidenced by the parties that a particular provision [of the contract of sale] shall survive the delivery of the deed" (*Davis v Weg,* 104 AD2d 617, 619; *see, Dourountoudakis v Alesi,* 271 AD2d 640). The parties' intent is clear from the contract that they did not intend the property tax provision to survive the closing.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.