■ MITCHELL N. KAY, Appellant, v JASON H. POLLAK et al., Respondents, et al., Defendants. [761 NYS2d 664] —In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Covello, J.), entered June 3, 2002, which granted the motion of the defendants Jason H. Pollak and Perri Pollak pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In September 2001 the plaintiff purchased real property from the defendants Jason H. Pollak and Perri Pollak. He subsequently brought this action in which he asserted four causes of action against the Pollaks for breach of contract and fraud, alleging that they misrepresented to him that the heating and air conditioning system was working and the amount of real estate taxes on the property, and concealed the existence of two collapsed dry wells on the property, which constituted a dangerous condition on the premises. The plaintiff also contends that the complaint stated a cause of action under General Business Law § 349.

The Supreme Court properly granted the Pollaks' motion to

dismiss the complaint insofar as asserted against them. The specific disclaimer in the contract between the parties defeats the plaintiff's allegation that the contract was executed in reliance upon contrary oral representations and, therefore, bars the first cause of action, which alleged that the Pollaks fraudulently represented that the heating and air conditioning system was in proper working order (*see Busch v Mastropierro,* 258 AD2d 492, 493 [1999]; *see also Bedowitz v Farrell Dev. Co.,* 289 AD2d 432 [2001]; *Platzman v Morris,* 283 AD2d 561, 562-563 [2001]). Similarly, the second cause of action to recover damages for breach of contract is barred (*see Bedowitz v Farrell Dev. Co., supra; Smith v Fitzsimmons,* 180 AD2d 177, 180 [1992]).

The Pollaks were entitled to dismissal of the third and fourth causes of action which sought to recover damages based on allegations that they fraudulently misrepresented the amount of taxes owed on the property because "the actual amount of real estate taxes on the property was not a matter peculiarly within the knowledge of the [Pollaks]" and "could have been discovered by the plaintiff through the exercise of due diligence" (*Cohen v Cerier,* 243 AD2d 670, 672 [1997]; *see Danann Realty Corp. v Harris,* 5 NY2d 317, 322 [1959]; *Most v Monti,* 91 AD2d 606, 606-607 [1982]).

Finally, the complaint failed to state a cause of action under General Business Law § 349 (*see Canario v Gunn,* 300 AD2d 332, 333 [2002]). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.