■ PAUL FABOZZI et al., Appellants, v MARGUERITE COPPA et al., Respondents. [774 NYS2d 555]—

In an action, inter alia, to recover damages for breach of contract and fraudulent inducement, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated December 20, 2002, which granted the motion of the defendants Marguerite Coppa and Francis Coppa, also known as Frank Coppa, pursuant to CPLR 3211 (a) (5) and (7) to dismiss

the complaint insofar as asserted against them, in effect, granted the cross motion of the defendant Alfred DeVito pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against him and, sua sponte, dismissed the complaint insofar as asserted against the defendant Paul A. Gossen.

Ordered that the appeal from so much of the order as, sua sponte, dismissed the complaint insofar as asserted against the defendant Paul A. Gossen is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice and leave to appeal has not been obtained (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The causes of action alleging breach of contract are time-barred because the action was commenced more than six years after the alleged breach (*see* CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]).

In any event, the breach of contract cause of action was also properly dismissed insofar as asserted against the defendant Marguerite Coppa (hereinafter the seller) pursuant to the merger doctrine (*see* *Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334 [2002]; *Dourountoudakis v Alesi*, 271 AD2d 640, 641 [2000]). Furthermore, to the extent that the complaint alleged that the defendants Francis Coppa, also known as Frank Coppa, and Alfred DeVito breached the contract, it was properly dismissed for the additional reason that those defendants were not parties to the contract.

In the remaining causes of action, the plaintiffs alleged that they were fraudulently induced to enter into the contract. The fraudulent inducement causes of action are time-barred because the action was commenced more than six years after the alleged fraud occurred and more than two years after the alleged fraud "with reasonable diligence" could have been discovered (CPLR 203 [g]; 213 [8]). The contract entitled the purchasers to have an engineer inspect the property within five days of the date of the contract, but the purchasers chose not to exercise that right.

In any event, the fraudulent inducement causes of action were properly dismissed insofar as asserted against the seller based on the provisions of and rider to the contract. The contract and the rider provided that the purchasers had inspected the premises and were thoroughly acquainted with its condition and had agreed to accept the premises "as is." The contract also contained a provision that all understandings between the parties were merged into the contract, that the

contract was entered into after "all investigation," and that neither party was relying upon any statement or representation, not embodied in the contract, made by the other. In addition, the rider provided that no representation, either expressed or implied, had been made as to the condition of the premises. These provisions were sufficiently specific to bar the plaintiffs' claim that they were fraudulently induced into entering the contract because of the seller's oral or written representations to the contrary outside of the contract (*see Bedowitz v Farrell Dev. Co.*, 289 AD2d 432, 433 [2001]; *Busch v Mastropierro*, 258 AD2d 492, 493 [1999]).

Furthermore, the fraudulent inducement causes of action were properly dismissed insofar as asserted against the remaining defendants for the additional reason that the alleged representations were not within the peculiar knowledge of those defendants, and the plaintiffs had the means available of knowing the truth of those representations (*see Schumaker v Mather*, 133 NY 590, 596 [1892]; *Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]; *Fiorilla v County of Putnam*, 1 AD3d 475, 476 [2003]; *Eisenthal v Wittlock*, 198 AD2d 395, 396 [1993]). Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.