■ In the Matter of ESTATE OF BARBARA W. BOOTHE, Deceased, Appellant, v ALPHA DEVELOPMENT CORP. et al., Respondents. [789 NYS2d 269]—

In a proceeding, inter alia, pursuant to RPAPL 1602 to impose a mortgage on certain real property owned by the respondent Alpha Development Corp., the petitioner appeals from an order of the Supreme Court, Queens County (Price, J.), dated September 25, 2003, which granted the respondents' motion for summary judgment dismissing the petition and cancelling the notice of pendency.

Ordered that the order is affirmed, without costs or disbursements.

The respondent Alpha Development Corp. (hereinafter Alpha) agreed to purchase certain real property from the petitioner. At the closing, Alpha asserted that the property lacked a water meter and that there was an illegal extension to a structure on the property, and sought a $10,000 reduction in the purchase price to correct those alleged defects. The petitioner agreed and the sale was concluded. The petitioner thereafter commenced this proceeding to impose a mortgage on the property and filed a notice of pendency. The petitioner asserted that he subsequently learned that the extension was, in fact, legal and that the property had a water meter. Thus, he alleged, he was fraudulently induced into selling the property for $10,000 less than the agreed-to price by the respondents' misrepresentations. The Supreme Court granted the respondents' motion for summary judgment dismissing the petition and cancelling the notice of pendency. We affirm.

With respect to a contract for the sale of real property, unless the facts allegedly misrepresented involved matters peculiarly within one party's knowledge, the other party must make use of the means available to learn, by the exercise of ordinary intelligence, the truth of such matters or he or she will not be heard to complain that he or she was induced to enter into a transaction by such misrepresentations (*see Schumaker v Mather,* 133 NY 590, 596 [1892]; *Fabozzi v Coppa,* 5 AD3d 722, 724 [2004];

*Fiorilla v County of Putnam,* 1 AD3d 475, 476 [2003]). Here, the alleged misrepresentations did not involve matters peculiarly within the respondents' knowledge. To the contrary, the petitioner was in a superior position to determine the truth, but failed to do so prior to the sale. Thus, the Supreme Court properly granted the motion for summary judgment dismissing the petition and cancelling the notice of pendency.

The petitioner's remaining contentions lack merit. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.