■ DANIEL ROLAND et al., Appellants, v JOHN W. McGRAIME, Respondent. [803 NYS2d 163]—

In an action to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 26, 2004, as, upon treating that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) as a motion to dismiss the amended complaint, granted the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1995 the plaintiffs purchased from the defendant certain real property (hereinafter the property). Approximately seven years later, a boundary dispute arose between the plaintiffs and the owners of an abutting property. In December 2002 the plaintiffs commenced an action, inter alia, against the abutting landowners pursuant to RPAPL article 15, which was ultimately resolved by summary judgment entered in favor of the abutting landowners and against them (*see Roland v Ajamian,* 17 AD3d 440 [2005]). In February 2004 the plaintiffs commenced the instant action against the defendant to recover damages for fraud based on alleged oral representations made by the defendant before the 1995 conveyance of the property to them. The defendant moved, inter alia, to dismiss the complaint as barred by the specific disclaimer provisions contained in the 1995 contract of sale. While the motion was pending, the plaintiffs amended their complaint to add a second fraud claim predicated on statements contained in an affidavit made by the defendant in March 2003 in connection with the plaintiffs' prior action against the abutting landowners. At the defendant's request, the Supreme Court treated that branch of the motion which was to dismiss the complaint as applying to both the original and amended complaints, and granted it. We affirm.

The Supreme Court properly dismissed the plaintiffs' fraud cause of action, to the extent it was predicated on alleged oral representations made by the defendant before the 1995 conveyance, as such cause of action was clearly barred by the specific disclaimer provisions contained in the contract of sale (*see Masters v Visual Bldg. Inspections,* 227 AD2d 597 [1996]; *Taormina v Hibsher,* 215 AD2d 549 [1995]).

Contrary to the plaintiffs' contention, the Supreme Court also properly determined that alleged misrepresentations contained in the defendant's March 2003 affidavit fail to make out a separate cause of action alleging fraud. Those statements were mere repetitions of the oral representations allegedly made by the defendant before the 1995 conveyance. Thus, any reliance by the plaintiffs on the substance of such representations necessarily

occurred before the 1995 conveyance, and any cause of action based thereon was barred by the 1995 contract of sale.

Accordingly, the Supreme Court properly granted the motion. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.