■ BARBARA RIGNEY, Appellant, v MARY McCABE, Respondent. [842 NYS2d 34]—

In an action, inter alia, to recover damages for fraudulent inducement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 15, 2006, as granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and for reasonable attorney's fees, costs, and expenses.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the plaintiff's causes of action sounding in fraud. Both of those causes of action are predicated on alleged oral representations made by the defendant before the conveyance. As such, they were clearly barred by the specific disclaimer provisions contained in the contract of sale (see Danann Realty Corp. v Harris, 5 NY2d 317, 320 [1959]; Roland v McGraime, 22 AD3d 824 [2005]; Fabozzi v Coppa, 5 AD3d 722, 723-724 [2004]). Furthermore, the misrepresentation allegedly relied upon by the plaintiff was not a matter within the peculiar knowledge of the defendant. The fact that the house was exposed to flooding could have been, and indeed was, discovered by the plaintiff through the exercise of due diligence

*(see Danann Realty Corp. v Harris, supra; Kay v Pollak,* 305 AD2d 637 [2003]; *Cohen v Cerier,* 243 AD2d 670, 672 [1997]; *Superior Realty Corp. v Cardiff Realty,* 126 AD2d 633 [1987]; *see also New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 319-320 [1995]; *cf. Black v Chittenden,* 69 NY2d 665, 668 [1986]; *Tahini Invs. v Bobrowsky,* 99 AD2d 489 [1984]).

The Supreme Court also properly determined that the defendant was entitled to reasonable attorney's fees, costs, and expenses pursuant to the contract of sale since the instant lawsuit was "an[ ] action or proceeding arising out of th[e] contract" *(see O'Brien v Moszynski,* 101 AD2d 811 [1984]).

The plaintiff's remaining contention is without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.