■ MARY S. CONNELLA et al., Appellants, v ROBERT PALOMBO et al., Respondents. [857 NYS2d 604]—

In an action, inter alia, to recover damages for fraudulent inducement and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 5, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the fourth cause of action insofar as it alleges that a defect in an oil pipe was actively concealed by the defendants, and the tenth and eleventh causes of action asserted against the defendant Robert Palombo, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In support of their motion for summary judgment dismissing the complaint, the defendants established their entitlement to judgment as a matter of law dismissing the fourth through ninth causes of action asserted in the complaint by demonstrating that such claims were barred by the specific disclaimer provisions contained in the contract of sale and its riders (see Danann Realty Corp. v Harris, 5 NY2d 317, 320 [1959]; Rigney v Mc-Cabe, 43 AD3d 896 [2007]; Fabozzi v Coppa, 5 AD3d 722, 723-724 [2004]). In opposition, the plaintiffs raised a triable issue of fact only with respect to so much of the fourth cause of action asserted in the complaint as alleges that a defect in an oil pipe was actively concealed by the defendants (see Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520 [2007]; Matos v Crimmins, 40 AD3d 1053, 1054-1055 [2007]; Jablonski v Rapalje, 14 AD3d 484, 485 [2005]). The defendants failed, however, to establish their entitlement to judgment as a matter of law dismissing the tenth and eleventh causes of action asserted in the complaint, which allege that the defendant Robert Palombo breached a contract entered into after the closing. Therefore, the Supreme Court should have denied those branches of their motion which were for summary judgment dismissing these causes of action (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.