■ Aaron Kagan et al., Appellants, v Andrew Freedman et al., Respondents. [866 NYS2d 216]—

In an action to recover damages for fraud and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered October 29, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action involves the sale of a single-family residence by the defendant Michelle Freedman to the plaintiffs. The plaintiffs, asserting causes of action to recover damages for fraud and breach of contract, allege that the residence was contaminated with toxic mold and the defendants dissuaded them from conducting a professional mold inspection of the basement prior to the execution of the residential purchase contract.

The defendants made a prima facie showing of entitlement to summary judgment by demonstrating that the real property purchase contract contained a specific disclaimer that the contract was executed in reliance upon contrary oral representations as to the condition of the property and that the property was sold "as is" (*see Mancuso v Rubin*, 52 AD3d 580 [2008]; *Connella v Palombo*, 50 AD3d 941 [2008]). The plaintiffs' breach of contract cause of action based upon the contention that representations made by the defendants prior to the execution of the contract dissuaded them from obtaining a professional mold inspection of the basement is barred by the contract's specific disclaimer (*see Connella v Palombo*, 50 AD3d 941 [2008]; *Rigney v McCabe*, 43 AD3d 896 [2007]; *Bedowitz v Farrell Dev. Co.*, 289 AD2d 432 [2001]), and by the doctrine of merger (*see Mancuso v Rubin*, 52 AD3d 580 [2008]; *Ka Foon Lo v Curis*, 29 AD3d 525 [2006]).

The plaintiffs failed to raise a triable issue of fact with respect to their contention that the defendants actively concealed the alleged presence of mold in the basement. Accordingly, the Supreme Court properly dismissed the cause of action to recover damages for fraud (*see Matos v Crimmins*, 40 AD3d 1053 [2007]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.