EDWARD RYAN et al., Respondents, v PHILIP PASCALE et al., Appellants, et al., Defendant. [871 NYS2d 722]—In an action to

recover damages for fraudulent inducement, the defendants Philip Pascale and Debra Pascale appeal from an order of the Supreme Court, Nassau County (Woodard, J.), entered January 25, 2008, which denied that branch of their motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs to the appellants, and that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7) is granted.

The Supreme Court should have granted that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against them. The causes of action asserted in the complaint were barred by the specific disclaimer provisions contained in the contract of sale (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320 [1959]; *Rigney v McCabe*, 43 AD3d 896 [2007]; *Roland v McGraime*, 22 AD3d 824, 825 [2005]; *Fabozzi v Coppa*, 5 AD3d 722, 723-724 [2004]). Furthermore, the alleged misrepresentations upon which the plaintiffs purportedly relied did not concern matters within the peculiar knowledge of the appellants (*see Danann Realty Corp. v Harris*, 5 NY2d at 322; *Rigney v McCabe*, 43 AD3d at 896-897).

We do not reach the appellants' contention concerning that branch of their motion which was for an award of costs pursuant to 22 NYCRR 130-1.1, as that branch of the motion was not addressed by the Supreme Court. Thus, it remains pending and undecided (*see Magriples v Tekelch*, 53 AD3d 532 [2008]; *Katz v Katz*, 68 AD2d 536, 543 [1979]). Spolzino, J.P., Fisher, Miller and Carni, JJ., concur.