■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent, v COUNTY OF ORANGE, Appellant.—In an action to "permanently" enjoin the defendant from withholding salaries of its employees pending determination by the Public Employment Relations Board (PERB) of certain improper employer practice charges against the defendant, the defendant appeals from an order of the Supreme Court, Orange County, dated February 15, 1979, which granted the plaintiff's motion for a preliminary injunction and denied its cross motion for summary judgment. Appeal dismissed as moot, with $50 costs and disbursements to plaintiff. The plaintiff-respondent union filed a charge with the Public Employment Relations Board that the appellant's proposed change in its procedures for the payment of salaries to its employees constitutes an improper employer practice (see *County of Orange v County Employees Unit, Orange County Ch. 836, Civ. Serv. Employees Assn.,* 76 AD2d 878) and commenced this action to "permanently" enjoin the appellant from withholding salaries of its employees pending the determination by PERB. The union also sought to preliminarily enjoin the county from instituting a change in its payment procedures pending PERB's

determination of the improper practice charge and the county cross-moved for summary judgment contemporaneously with the service of its answer. Special Term granted the plaintiff's application for a preliminary injunction pending PERB's determination and denied the cross motion for summary judgment. Thereafter, the plaintiff served its reply to the counterclaim asserted in the answer. PERB subsequently issued its determination in favor of the union. The preliminary injunction provided in the order appealed from expired by its terms when PERB issued its determination. Since the cross motion for summary judgment was made prior to joinder of issue on the counterclaim, the cross motion was limited to consideration of the allegations in the complaint and answer exclusive of the counterclaim (see CPLR 3212, subd [a]). The relief demanded in the complaint was also limited to an injunction pending PERB's determination of the improper practice charge. The appeal therefore is moot as to both that branch of the order granting the plaintiff's motion for a preliminary injunction and that branch denying the appellant's cross motion for summary judgment. The reply and a certain letter attached to the appellant's brief are not properly part of the record on appeal and have not been considered in our determination. Mangano, J. P., Gulotta, Cohalan and Margett, JJ., concur.