■ COUNTY OF ORANGE, Petitioner, v COUNTY EMPLOYEES UNIT, ORANGE COUNTY CHAPTER 836, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board (PERB), dated November 30, 1979, which, after a hearing, (1) found that petitioner had violated section 209-a (subd 1, par [d]) of the Civil Service Law by refusing to negotiate in good faith in that it had unilaterally instituted a lag payroll of one week and (2) ordered petitioner to (a) reinstate the procedure regarding the time of payment of wages to its employees, in relation to time worked for those wages, that existed prior to the unilateral change, and (b) negotiate with the respondent Civil Service Employees Association, Inc. (CSEA) as to changes in the time of payment of wages in relation to time worked. Determination confirmed and proceeding dismissed on the merits, with one bill of costs payable jointly to respondents appearing separately and filing separate briefs. The petitioner unilaterally instituted a procedure whereby all members of the bargaining unit of the respondent union would be paid after a uniform "lag" of one week following the performance of their work. Provision for payment after the work is performed is known as a "lag payroll". Previously, many employees had been paid for all work performed up to the date of payment. PERB determined that the county violated section 209-a of the Civil Service Law "by refusing to negotiate in good faith in that it unilaterally instituted a lag payroll of one week" and directed the county: "1. To reinstate the procedures regarding the time of payment of wages, in relation to time worked for those wages, that existed prior to the unilateral change; and 2. To negotiate with CSEA as to changes in the time of payment of wages in relation to time worked." The petitioner claims that it was required to alter its prior payroll practice because that method does not conform to statutory requirements with respect to certification as to the correctness of payrolls (see County Law, § 369, subd 4; § 577, subd 1, par [i]; Civil Service Law, § 100). PERB's order directs the county to reinstate its prior procedures as to *time of payment* of wages in relation to time worked for those wages and to negotiate any changes thereto with the union. The order is silent with respect to the county's certification procedures. The county conceded before PERB that its asserted right to impose a lag payroll does not relieve it of a duty to negotiate the extent of the lag

and the impact of the implementation of its decision to institute a lag. We therefore find that the order is not arbitrary, capricious or illegal. PERB's findings that the parties did not deal with the issue of a lag payroll in their collective agreement and that the union did not waive its right to negotiate the issue during precontract negotiations are supported by substantial evidence. Accordingly, the determination should be confirmed. Mangano, J. P., Gulotta, Cohalan and Margett, JJ., concur.