■ S&T SPORTSWEAR CORP., Respondent, v DRAKE FABRICS, INC., Appellant.—Judgment, Supreme Court, New York County (Edward Lehner, J.), entered on or about March 10, 1992, which granted petitioner's application to stay arbitration and permanently enjoined respondent from proceeding with the arbitration, unanimously affirmed, with costs.

It is well settled that arbitration will not be compelled absent evidence affirmatively establishing an express agreement to arbitrate that is clear, explicit and unequivocal *(Matter of Waldron [Goddess],* 61 NY2d 181, 183). Here, there is no such agreement. The oral agreement reached by the parties did not mention arbitration, and petitioner did not sign respondent's draft sales contracts which included an arbitration clause on the reverse side. Moreover, the addition of an arbitration clause to an oral agreement is considered a material alteration that must be "explicitly" agreed to by the parties *(Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333).

Equally unavailing is respondent's claim that since the letter of credit procured by petitioner as partial payment to respondent referred to two of the 14 draft sales contacts, petitioner adopted two of the contracts and thereby bound itself to all the terms in the contract, including arbitration. Respondent's reliance on *McAlley v Boise-Griffin S. S. Co.* (81 AD2d 771, *appeal dismissed* 54 NY2d 827), is misplaced since, unlike here, petitioner there relied upon the agreement containing an arbitration clause as the basis for its claims. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.