■ LE BAR BAT, INC., et al., Plaintiffs, v GERALD J. SHALLO, Appellant, et al., Defendants. STEPHEN GRABOW et al., Counterclaim Defendants-Respondents. [603 NYS2d 457] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about September 16, 1992, granting counterclaim defendants' motion to dismiss the amended counterclaims for failure to state a cause of action, unanimously modified, on the law, to deny the motion to dismiss the third counterclaim against the corporate counterclaim defendant, reinstate said cause of action, and otherwise affirmed, without costs.

The IAS Court properly determined that appellant failed to allege with sufficient particularity a claim for breach of fiduciary duty, with or without a conspiracy, and that claims that someone else was responsible for acts which might be determined to be negligent or wasteful were, in essence, a claim over and not a shareholder's primary or derivative cause of action.

In dismissing appellant's third counterclaim, for repayment of loans allegedly made to the plaintiff corporations, the court held that appellant's allegations were insufficient to charge the individual directors and shareholders with breach of their fiduciary duty so as to hold them personally responsible to appellant, but did not address the question of whether the allegations sufficiently stated a cause of action against the corporations. Appellant alleged that, pursuant to agreements,

he made various loans to the corporations on several occasions, which loans were to be repaid under the terms set out in the agreements; that the corporations' finances were such that they were able to make repayment in compliance with the terms of the agreements; that he made a demand for repayment; and that the loans have not been repaid. Appellant also claims that he made loans without specific terms for repayment, that those loans were repayable on demand, that he has made demand and the loans have not been repaid.

A motion to dismiss under CPLR 3211 (a) (7) assumes the truth of the material allegations and whatever can be reasonably inferred therefrom and should be denied if, from the pleading's four corners, factual allegations are discerned which when taken together manifest any cause of. action cognizable at law (Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665, 666). The allegations made by appellant, at least with respect to the loans made pursuant to agreement, state a cause of action against the corporations for money due and owing sufficient to withstand a motion under CPLR 3211 (a) (7).

We have examined the appellant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.