■ MESSIAH'S COVENANT COMMUNITY CHURCH, Respondent, v RONALD WEINBAUM et al., Appellants. [905 NYS2d 209]—

In a hybrid action, inter alia, to recover possession of real property, and proceeding pursuant to CPLR article 75 to confirm an arbitration award, Ronald Weinbaum, Robert Mineo, Anthony Rich, Anthony Aguilar, Robert Bettica, Szabolcs David, Slava Frid, George Nassau, Iris Lichtman, Daniel McCloud, Julia Rovner, and Elizabeth Silagi appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated October 2, 2009, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the petition and the second and third causes of action insofar as asserted against Robert Mineo, Anthony Rich, Anthony Aguilar, Robert Bettica, Szabolcs David, Slava Frid, George Nassau, Iris Lichtman, Daniel McCloud, Julia Rovner, and Elizabeth Silagi and to dismiss the petition/complaint insofar as asserted against Ronald Weinbaum, and granted the plaintiff/petitioner's motion for a preliminary injunction to the

extent of enjoining them from denying the plaintiff/petitioner access to and use of the subject real property from October 11, 2009, until November 5, 2009, and American Baptist Churches of Metropolitan New York separately appeals, as limited by its brief, from so much of the same order as adjourned that branch of its separate motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against it, and granted the plaintiff/petitioner's motion for a preliminary injunction to the extent of enjoining it from denying the plaintiff/petitioner access to use of the real property from October 11, 2009, until November 5, 2009.

Ordered that the appeals from so much of the order as granted the plaintiff/petitioner's motion for a preliminary injunction to the extent of enjoining the appellants from denying the plaintiff/petitioner access to and use of the subject real property from October 11, 2009, until November 5, 2009, are dismissed as academic; and it is further,

Ordered that the appeal by the defendant/respondent American Baptist Churches of Metropolitan New York from so much of the order as adjourned that branch of its separate motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against it is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from by Ronald Weinbaum, Robert Mineo, Anthony Rich, Anthony Aguilar, Robert Bettica, Szabolcs David, Slava Frid, George Nassau, Iris Lichtman, Daniel McCloud, Julia Rovner, and Elizabeth Silagi, on the law, those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the petition and the second and third causes of action insofar as asserted against Robert Mineo, Anthony Rich, Anthony Aguilar, Robert Bettica, Szabolcs David, Slava Frid, George Nassau, Iris Lichtman, Daniel McCloud, Julia Rovner, and Elizabeth Silagi and to dismiss the petition/complaint insofar as asserted against Ronald Weinbaum are granted; and it is further,

Ordered that one bill of costs is awarded to Ronald Weinbaum, Robert Mineo, Anthony Rich, Anthony Aguilar, Robert Bettica, Szabolcs David, Slava Frid, George Nassau, Iris Lichtman, Daniel McCloud, Julia Rovner, and Elizabeth Silagi, payable by the plaintiff/petitioner.

The plaintiff/petitioner (hereinafter the plaintiff) commenced this hybrid action and proceeding against Ronald Weinbaum, Robert Mineo, Anthony Rich, Anthony Aguilar, Robert Bettica, Szabolcs David, Slava Frid, George Nassau, Iris Lichtman, Daniel McCloud, Julia Rovner, and Elizabeth Silagi (hereinafter

collectively the individually named defendants) and American Baptist Churches of Metropolitan New York (hereinafter ABC-Metro), seeking to confirm an alleged arbitration award of a panel of the Covenant of Reformed Officers, to recover possession of certain real property (hereinafter the second cause of action), to recover damages for the conversion of certain personal property (hereinafter the third cause of action), to recover damages against Weinbaum for the rental value of certain real property (hereinafter the fourth cause of action), to compel Weinbaum to make an accounting (hereinafter the fifth cause of action), and to recover damages for breach of fiduciary duty (hereinafter the sixth cause of action). The individually named defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against them, and ABC-Metro separately moved pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted it. The plaintiff moved for a preliminary injunction enjoining the individually named defendants and ABC-Metro (hereinafter together the defendants) from denying it access to and use of the subject real property. The Supreme Court granted the motion of the individually named defendants only to the extent of dismissing the sixth cause of action insofar as asserted against all of the individually named defendants except Weinbaum, since the complaint did not allege that those individually named defendants were "pastors, officers [or] trustees." The Supreme Court adjourned that branch of ABC-Metro's separate motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against it. The Supreme Court granted the plaintiff's motion for a preliminary injunction to the extent of enjoining the defendants from denying it access to and use of the subject real property from October 11, 2009, until November 5, 2009.

An agreement to arbitrate must be clear, explicit and unequivocal, and must not depend upon implication or subtlety (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]). Here, neither a "Membership Covenant" dated October 31, 2004, to which the defendants purportedly assented, nor the decision of the Covenant of Reformed Officers, constituted a clear, explicit, and unequivocal agreement or mandate to arbitrate the subject dispute (*see Sieger v Sieger*, 297 AD2d 33[2002]; *S&T Sportswear Corp. v Drake Fabrics*, 190 AD2d 598 [1993]; *Lovisa Constr. Co. v County of Suffolk*, 108 AD2d 791, 792 [1985]). Accordingly, the Supreme Court should have granted those branches of the motion of the individually named defendants which were to dismiss the peti-

tion to confirm the alleged arbitration award and the second and fourth causes of action—which were based on the existence of a binding arbitration award—insofar as asserted against them.

In order to establish a cause of action to recover damages for conversion, "the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *see State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259 [2002]; *Eight In One Pet Prods. v Janco Press, Inc.*, 37 AD3d 402 [2007]). The plaintiff failed to state a cause of action sounding in conversion, as it did not identify the property allegedly converted (*see Walden Terrace v Broadwall Mgt. Corp.*, 213 AD2d 630, 631 [1995]; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel § 4). Moreover, as to the individually named defendants, the plaintiff failed to allege an act of conversion (*see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 115 [2009]; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel § 18). Accordingly, the Supreme Court should have dismissed the third cause of action insofar as asserted against the individually named defendants.

The Supreme Court also should have dismissed the fifth and sixth causes of action insofar as asserted against Weinbaum, as those causes of action were not pleaded with sufficient particularity (*see* CPLR 3016 [b]; *Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595, 596 [2006]; *Le Bar Bat, Inc. v Shallo*, 198 AD2d 49 [1993]; *Moss v Moche*, 160 AD2d 785 [1990]; *Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]).

The defendants' contentions regarding the granting of the preliminary injunction have been rendered academic, as that portion of the order expired by its own terms (*see Civil Serv. Empls. Assn. v County of Orange*, 76 AD2d 877 [1980]).

To the extent that ABC-Metro argues on appeal that the branch of its separate motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against it should have been granted, that contention is not properly before this Court. The Supreme Court adjourned that branch of the motion and, thus, it remains pending and undecided (*see Ryan v Pascale*, 58 AD3d 711, 712 [2009]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.