■ Akiva Banda, Appellant, v Lynch Park, LLC, et al., Respondents. [980 NYS2d 836]—

In an action, inter alia, to recover damages for breach of contract and to confirm an arbitration award, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 14, 2011, which denied his motion for summary judgment on the cause of action to confirm the arbitration award and granted the cross motion of the defendants Efraim Weiss and Aaron Weiss for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action to confirm an arbitration award and properly granted the cross motion of the defendants Efraim Weiss and Aaron Weiss (hereinafter together the Weiss defendants) for summary judgment dismissing the complaint insofar as asserted against them (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]). The plaintiff failed to meet his burden of establishing, prima facie, his entitlement to judgment as a matter of law on his cause of action to confirm the arbitration award and, thus, his motion was properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Rather, the Weiss defendants established, on their cross motion, their entitlement to dismissal of that cause of action, as the plaintiff's attempt to confirm the arbitration award by motion was in contravention of the procedures required by article 75 of the CPLR and, in any event, the agreement to arbitrate did not

sufficiently evidence the parties' clear, explicit and unequivocal agreement to arbitrate (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]; *Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916 [2010]).

Moreover, the Weiss defendants were entitled to summary judgment dismissing the causes of action alleging breach of contract, unjust enrichment, and specific performance. The Weiss defendants established, as a matter of law, that they did not enter into a contract with the plaintiff and did not own, possess, or occupy the property which the plaintiff contends he is entitled to purchase. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff's remaining contentions are without merit. Thus, the Supreme Court properly directed dismissal of the plaintiff's breach of contract, unjust enrichment, and specific performance causes of action, insofar as asserted against the Weiss defendants. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.