■ In the Matter of 152 WEST 58TH STREET OWNERS CORP., Appellant, v LOCAL 32B-32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Respondent.—Order of the Supreme Court, New York County (Kenneth L. Shorter, J.), entered April 4, 1986, which denied petitioner's application to stay arbitration, unanimously reversed, on the law, the petition is granted and arbitration stayed, without costs.

On November 7, 1985, petitioner, owner of a co-op residence, terminated the employment of one of its employees. Respondent, the employee's union, demanded an arbitration hearing pursuant to an expired collective bargaining agreement made between the union and the previous owner of the building. The agreement was in force from April 21, 1982 to April 20, 1985 and was not renewed by petitioner.

Petitioner's motion to stay arbitration was denied by Special Term on the ground that facts existed which gave rise to a presumption of arbitrability. We disagree and reverse.

Given the fact that the agreement expired six months prior to the challenged dismissal and that the petitioner is an entirely distinct entity from the one that entered into the prior agreement, there is no reason to hold petitioner to the terms of the agreement. It is well settled that a "successor employer" is not bound by the substantive terms of an agreement entered into by a predecessor. (NLRB v Burns Sec. Servs., 406 US 272 [1972]; Johnson Co. v Hotel Employees, 417 US 249 [1974].) "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (Steelworkers v Warrior & Gulf Co., 363 US 574, 582.)

Nolde Bros. v Bakery Workers (430 US 243 [1977]), relied upon by Special Term, does not change the result. Nolde Bros. allowed an arbitration to survive the expiration of the collective bargaining contract since the parties were signatories to

the contract and the presumption of arbitrability was not overcome. Here, petitioner was neither a party to, nor participated in the negotiation of any collective bargaining agreement with respondent. In fact, petitioner refused to assent to the successor agreement proposed by respondent near the end of the previous agreement's term.

It would be improper under these circumstances to hold petitioner to the terms of the prior collective bargaining agreement. Petitioner did not expressly or impliedly assume the obligations of the expired contract. The fact that the employees continued doing the same work in the same place does not change this. (*NLRB v Burns Sec. Servs.,* 406 US, *supra,* at 291 [1972].) The petitioner was a completely new owner and should not be required to abide by the terms of an expired contract, which it had no hand in making. Concur— Murphy, P. J., Sandler, Sullivan and Wallach, JJ.