■ HDR, INC., et al., Respondents, v INTERNATIONAL AIRCRAFT PARTS, INC., et al., Appellants. [683 NYS2d 867] —In an action to recover damages for breach of contract and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated December 10, 1997, as denied that branch of their motion which was for summary judgment dismissing the first

cause of action insofar as asserted against the defendants International Aircraft Parts, Inc., and Harry Kirschbaum, and the second cause of action.

Ordered that the appeal by the defendant IAP Services, Inc., from so much of the order as denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against the defendants International Aircraft Parts, Inc., and Harry Kirschbaum, is dismissed, without costs or disbursements, as that defendant is not aggrieved by that portion of the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against the defendants International Aircraft Parts, Inc., and Harry Kirschbaum, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improperly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against the defendants International Aircraft Parts, Inc., and Harry Kirschbaum. Neither of these defendants was a party to the contract alleged to have been breached. As such, they cannot be bound by the contract (see, National Survival Game v NSG of LI Corp., 169 AD2d 760).

However, we find that the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the second cause of action (see, Backer v Lewit, 180 AD2d 134, 139). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.