In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the defendant ABS Flushing Development, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 7, 2011, as granted that branch of the plaintiff Hertzl Moezinia’s motion which was to reargue his opposition to the motion of the defendant ABS Flushing Development, LLC, for summary judgment dismissing the complaint insofar as asserted against it, which was granted in a prior order of the same court entered December 6, 2010, and, upon reargument, in effect, vacated the original determination granting the motion, and thereupon denied the motion of the defendant ABS Flushing Development, LLC.
Ordered that the order dated September 7, 2011, is modified, on the law, by deleting the provision thereof which, upon reargument, in effect, vacated the determination in the order dated December 6, 2010, granting that branch of the motion of the defendant ABS Flushing Development, LLC, which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against it, and thereupon denying that branch of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated December 6, 2010, granting that branch of the motion of ABS Flushing Development, LLC; as so modified, the order dated September 7, 2011, is affirmed insofar as appealed from, without costs or disbursements.
In 2005, the plaintiff Hertzl Moezinia began negotiations to purchase certain commercial property in Flushing, Queens. He negotiated the purchase price down from $41 million to $26.5 million, and an agreement for the purchase was drafted, although it was not executed. Moezinia and the defendant Alexander Ashkenazi then entered into a handwritten agreement by which Moezinia assigned his purchase rights to Ashkenazi in *921 exchange for a $1.5 million “assignment fee.” On the same day, Ashkenazi executed an agreement to purchase the property for $26.5 million. The closing was scheduled for the end of June 2006.
One week prior to the closing, Ashkenazi directed his attorney to form a corporate entity, the defendant ABS Flushing Development, LLC (hereinafter ABS), to purchase the property. According to the incorporation documents, Ashkenazi is not a member of ABS. Ashkenazi and Moezinia were present at the closing, along with Chaim Babad, who appeared and signed the closing documents on behalf of ABS. As part of the closing, Ashkenazi received a fee and a promise of a future fee for assigning his purchase rights to ABS. After the closing, Ashkenazi paid $780,000 of the $1.5 million “assignment fee” to Moezinia, but refused to pay the remainder.
Moezinia then commenced an action to recover damages for breach of contract and unjust enrichment against Ashkenazi and ABS. ABS and Ashkenazi separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted ABS’s motion. Moezinia moved for leave to reargue. The Supreme Court granted the motion to reargue and, upon reargument, in effect, vacated the original determination granting ABS’s motion, and thereupon denied ABS’s motion. ABS appeals.
Although the Supreme Court properly granted that branch of Moezinia’s motion which was for leave to reargue, upon reargument the Supreme Court should have adhered to its prior determination to the extent that it granted that branch of the motion of ABS which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against it. ABS established its prima facie entitlement to judgment as a matter of law dismissing that cause of action by showing that it was not a party to the written agreement between Moezinia and Ashkenazi (see Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]). In opposition, the plaintiff did not raise a triable issue of fact as to whether ABS intended to assume Ashkenazi’s obligation (see Amalgamated Tr. Union Local 1181, AFL-CIO v City of New York, 45 AD3d 788, 790 [2007]).
However, upon reargument, the Supreme Court correctly, in effect, vacated the original determination granting that branch of the motion of ABS which was for summary judgment dismissing the unjust enrichment cause of action insofar as asserted against it, and thereupon denied that branch of the motion. In opposition to ABS’s prima facie showing, Moezinia submitted *922 evidence showing that Ashkenazi directed the formation of ABS and executed an indemnity agreement and a personal guaranty on behalf of ABS during the closing. Moezinia also submitted evidence showing that, at the closing, he negotiated an additional rebate in the purchase price based on certain environmental issues and arranged for a mortgage assignment, which resulted in substantial savings to ABS. As there were facts in dispute about ABS’s receipt of benefits at Moezinia’s expense, ABS was not entitled to summary judgment dismissing the unjust enrichment cause of action insofar as asserted against it (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
Skelos, J.E, Dickerson, Chambers and Hinds-Radix, JJ., concur.