Murtha Constr., Inc. v Town of Southampton Hous. Auth. (2022 NY Slip Op 06483)

Murtha Constr., Inc. v Town of Southampton Hous. Auth.

2022 NY Slip Op 06483

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-06508
 (Index No. 70847/14)

[*1]Murtha Construction, Inc., appellant, 
v
Town of Southampton Housing Authority, respondent, et al., defendant.

Lite & Russell, PLLC, West Islip, NY (Justin N. Lite of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Craig H. Handler of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated August 21, 2020. The order granted the motion of the defendant Town of Southampton Housing Authority for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On November 8, 2013, the plaintiff entered into a contract with the defendant Francis Leslie Kirshman to perform home renovation work at property allegedly owned by Kirshman. Prior to entering the contract, Kirshman applied for and was approved for a loan from the defendant Town of Southampton Housing Authority (hereinafter the TSHA) pursuant to a home improvement program administered by the TSHA, with the understanding that the loan would ultimately finance the payment for the renovation work to be completed by the plaintiff. After the plaintiff performed a substantial portion of the renovation work, the TSHA discovered that Kirshman was not the fee owner of the property and had misrepresented her interest in the property at the time she had applied for the home improvement program loan, and the TSHA declined to extend the loan.
The plaintiff commenced this action against the TSHA and Kirshman, alleging, as against the TSHA, breach of an express contract and breach of an implied contract on the basis of the TSHA's refusal to provide Kirshman with loan financing to pay for the renovation work completed by the plaintiff, pursuant to the plaintiff's contract with Kirshman. The TSHA moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
The TSHA established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of an express contract insofar as asserted against it by submitting evidence showing that it was not a party to the written contract for the home renovation work (see Moezinia v Ashkenazi, 105 AD3d 920, 921; see also Amalgamated Tr. Union Local 1181, AFL-CIO v City of New York, 45 AD3d 788, 790). In opposition, the plaintiff only made conclusory allegations that it had relied upon representations made by the TSHA that Kirshman was the owner [*2]of the property. These conclusory allegations, which were not sufficient to defeat summary judgment (see Laskaratos v Bay Ridge Hoyt Lender, LLC, 185 AD3d 908, 910), are belied by the record. Accordingly, the Supreme Court properly granted that branch of the TSHA's motion which was for summary judgment dismissing the cause of action alleging breach of an express contract insofar as asserted against it (see Starr v Akdeniz, 162 AD3d 948, 949).
"[T]he existence of a valid contract governing the subject matter of a dispute generally precludes recovery in quasi contract for events arising out of the same subject matter" (Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1393). The TSHA demonstrated that a valid contract governed the subject matter at issue in this action, and the plaintiff raised no triable issues of fact in this regard. Therefore, the Supreme Court properly granted that branch of the TSHA's motion which was for summary judgment dismissing the cause of action to recover damages for breach of an implied contract insofar as asserted against it (see id. at 1393; CSI Group, LLP v Harper, 153 AD3d 1314, 1317).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court