**Fenix Capital Funding, LLC v Phlllips Dev. & Events, LLC**

2024 NY Slip Op 30325(U)

January 25, 2024

Supreme Court, Kings County

Docket Number: Index No. 535560/2022

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 25th day of January
2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------X

FENIX CAPITAL FUNDING, LLC,

                Plaintiff,

            -against-

PHILLIPS DEVELOPMENT & EVENTS, LLC /DBA:
SOMETHING FISHY, PHILLIP WATERS
DEVELOPMENT LLC, TERENCE D PHILLIPS,
AND PATRICE F PHILLIPS,

                Defendants.

-----------------------------------------------------------------X

**DECISION & ORDER**
Index No. 535560/2022

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on September 7, 2023, by Fenix Capital Funding LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, unjust enrichment and fraud as asserted against defendants Phillips Development & Events, LLC /D/B/A: Something Fishy, Phillip Waters Development LLC, Terence D Phillips, and Patrice F Phillips. The motion is unopposed.

-Notice of Motion
-Affirmation in Support
-Affidavit in Support
        Exhibits A-C
-Statement of Material Facts

**BACKGROUND**

The verified complaint alleges thirty-four allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for unjust enrichment and the third alleges fraud.

[* 1]

The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guaranty dated April 27, 2022, the plaintiff purchased from Phillips Development & Events, LLC /DBA: Something Fishy (hereinafter Something Fishy) its future accounts receivable for the sum of $ 90,000.00.

On or about April 27, 2022, in consideration of the sum of $ 90,000.00, Something Fishy sold, assigned, and transferred to plaintiff seventeen (17 %) percent of its future sales proceeds, up to an aggregate amount of $ 116,100.00. By the agreement Terrence D Phillips and Patrice F. Phillips executed a personal guarantee if Something Fishy defaulted.

On November 25, 2022, Something Fishy defaulted under the agreement by failing to remit its sales proceeds to the plaintiff as provided for in the agreement. In total, Something Fishy remitted the amount of $ 55,381.66 in accordance with the agreement, leaving a balance of $ 60,718.34 remaining due and owing.

Accordingly, there is now due and payable to plaintiff, by the defendants, the principal balance sum of $ 60,718.34, contractual default fees and penalties, and nonsufficient fund fees in the amount of $ 1,150.00, together with interest from November 25, 2022, and reasonable attorneys' fees and costs and disbursements of this action.

**LAW AND APPLICATION**

There is no opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], *citing Vermont Teddy Bear Co., v 1--800 Beargram Co.*, 373 F3d 241 [2nd Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party

has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; see *Cugini v System Lumber Co., Inc.,* 111 AD2d 114 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital,* 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Guiffirda v Citibank,* 100 NY2d 72 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio,* 81 NY2d 1062 [1993]). If prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez,* 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion *(Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610 [2nd Dept 1990]).

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Maksim Leyvi, its counsel (hereinafter Leyvi), and an affidavit of Alexander Ryvkin, its chief legal officer (hereinafter Ryvkin). Leyvi's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (*Nerayoff v Khorshad,* 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder*

[* 3]

*Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Leyvi's affirmation states that the facts in support of the motion are contained in the affidavit of Ryvkin.

Ryvkin verified the complaint in the instant action. Neither the verified complaint nor the affidavit of Ryvkin averred that the agreed upon purchase price of $90,000.00 for the defendant's future receivables was actually paid to the defendants. Nor did the plaintiff's evidentiary submission demonstrate that it was actually paid. Consequently, the plaintiff did not demonstrate its own performance pursuant to the agreement. A fortiori, plaintiff did not a make prima facie showing of the merchant's breach of the agreement.

*Breach of Contract*

The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Cruz v Cruz, 213 AD3d 805 [2nd Dept 2023]).

To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided no evidence demonstrating that it performed its part of the agreement by paying the defendants the agreed upon purchase price. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the merchant breached the agreement, the obligation of the guarantor, was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.

*Unjust Enrichment*

The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience

[* 4]

to permit the defendant to retain what is sought to be recovered (*Sarker v Das*, 203 AD3d 973 [2nd Dept 2022], citing *Financial Assistance, Inc. v Graham*, 191 AD3d 952, 956 [2nd Dept 2021]).

*Fraud*

The elements of a cause of action to recover damages for fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury (*Hong Qin Jiang v. Li Wan Wu*, 179 A.D.3d 1041, 1042 [2nd Dept 2020]).

The plaintiff's causes of action for unjust enrichment and for fraud were both based on the defendants' breach of the agreement. The existence of a valid contract governing the subject matter of a dispute generally precludes recovery in quasi contract for events arising out of the same subject matter (*Murtha Constr., Inc. v. Town of Southampton Hous. Auth.*, 210 A.D.3d 896, 897 [2nd Dept 2022]). Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud (*Crowley Marine Assocs. v. Nyconn Assocs., L.P.*, 292 A.D.2d 334, 334 [2nd Dept 2002]). Here, the plaintiff is claiming fraud based solely on the defendants' breach of the agreement.

Consequently, the plaintiff's evidentiary submission did not make a prima facie showing that the defendants' were unjustly enriched at the plaintiff's expense. Nor did it plead or demonstrate that the defendants defrauded the plaintiff. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (*Cugini v. System Lbr. Co.*, 111 A.D.2d 114

[* 5]

[1st Dept 1985]).

**CONCLUSION**

The motion by Fenix Capital Funding LLC for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, unjust enrichment and fraud as asserted against defendants Phillips Development & Events, LLC /D/B/A: Something Fishy, Phillip Waters Development LLC, Terence D Phillips, and Patrice F Phillips is denied.

The foregoing constitutes the decision and order of the Court.

ENTER: _____ *François A. Rivera*

J.S.C.

[* 6]