| |
|---|
| **Fenix Capital Funding, LLC v Memorial Wine Cellar, LLC** |
| 2024 NY Slip Op 31372(U) |
| April 17, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512458/2023 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 17th day of April 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

FENIX CAPITAL FUNDING, LLC,

                  Plaintiff,

                    -against-

MEMORIAL WINE CELLAR, LLC /DBA: MEMORIAL
WINE CELLAR AND RYAN D. WEISE,

                  Defendants.

-----------------------------------------------------------------------X

**DECISION & ORDER**
Index No. 512458/2023

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on August 4, 2023, by Fenix Capital Funding LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, unjust enrichment, and fraud as asserted against Memorial Wine Cellar, LLC /D/B/A: Memorial Wine Cellar (hereinafter the LLC defendant) and Ryan D. Weise (hereinafter the guarantor) (collectively the defendants). The motion is unopposed.

-Notice of Motion
-Affirmation in Support
-Affidavit in Support
        Exhibits A-E
-Statement of Material Facts

**BACKGROUND**

On April 6, 2023, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On June 29, 2023, the defendants interposed and filed a joint verified answer with counterclaims with the

[* 1]

KCCO. On July 11, 2023, plaintiff interposed and filed a reply to defendants' counterclaims with the KCCO.

The verified complaint alleges thirty allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for unjust enrichment, and the third alleges fraud.

The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guaranty dated March 24, 2023, the plaintiff purchased from the LLC defendant its future accounts receivables for the sum of $20,000.00.

On or about March 24, 2023, in consideration of the sum of $20,000.00, the LLC defendant sold, assigned, and transferred to plaintiff twelve (12%) percent of its future sales proceeds, up to an aggregate amount of $29,200.00. By the agreement, Ryan D Weise executed a personal guaranty if the LLC defendant defaulted.

On April 21, 2023, the LLC defendant defaulted under the agreement by placing a stop payment request to its bank for the ACH transfers or it closed the bank account in its entirety. In total, the LLC defendant remitted the amount of $4,866.60 in accordance with the agreement, leaving a balance of $24,333.40 remaining due and owing.

Accordingly, there is now due and payable to plaintiff, by the defendants, the principal balance sum of $24,333.40, contractual default fees and penalties, and nonsufficient fund fees in the amount of $150.00, together with interest from April 23, 2023, and reasonable attorneys' fees and costs and disbursements of this action.

## LAW AND APPLICATION

There is no opposition to the instant motion. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. 'defaulted'" (*Liberty Taxi Mgt., Inc. v Gincherman,* 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co. Inc., v 1-800 Beargram Co.,* 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lumber Co., Inc.,* 111 AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-25 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material issue of fact (*Giuffrida v Citibank,* 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio,* 81 NY2d 1062 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez,* 68 NY2d at 324).

[* 3]

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept 1990]).

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Maksim Leyvi, its counsel (hereinafter Leyvi), and an affidavit of Alexander Ryvkin, its chief legal officer (hereinafter Ryvkin). Leyvi's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Leyvi's affirmation states that the facts in support of the motion are contained in the affidavit of Ryvkin.

Ryvkin's affidavit is used to authenticate the agreement which was allegedly breached by the defendants. Ryvkin averred that he is the chief legal officer of the plaintiff and, as such, has personal knowledge of its business practices and procedures. He further averred that the factual allegations proffered in support of the motion for summary judgment are derived from his review of the plaintiff's business records. He then referred to business records attached to the motion, namely, the agreement, and the documents denominated as a wire transfer confirmation and a payment ledger.

[* 4]

It is noted that Ryvkin did not aver that he was a signatory to the agreement or that he participated in the execution of same. Ryvkin refers to the payment ledger, as proof of the defendants' default. He contends that the payment ledger shows that the LLC defendant placed a stop payment order on plaintiff's ACH withdrawal for the specified daily amount. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Citibank, N.A. v Cabrera*, 130 AD3d 861, 861 [2d Dept 2015]). Generally, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 209 [2d Dept 2019], quoting *Standard Textile Co. v National Equip. Rental*, 80 Ad2d 911, 911 [1981]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (*Bank of N.Y. Mellon*, 171 Ad3d at 209).

Here, the payment ledger was not self-explanatory and was submitted without explaining its meaning. The ledger did explain the codes contained therein and did not state that there was a stop payment by the LLC defendant. The payment ledger did not demonstrate that the LLC defendant closed its bank account in its entirety, as alleged in the verified complaint. In sum, the payment ledger did not provide proof of the LLC defendant's alleged breach. It is noted that the plaintiff did not annex a copy of its own or the LLC defendant's bank records. "[I]t is the business record itself, not the

[* 5]

foundational affidavit, that serves as proof of the matter asserted" (*Citibank, N.A. v Potente*, 210 AD3d 861, 862 [2d Dept 2022], quoting *Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 209 [2d Dept 2019]). Accordingly, evidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay (*see Bank of N.Y. Mellon*,171 AD3d at 206). In sum, plaintiff has failed to make a prima facie showing that the LLC defendant breached the agreement.

*Breach of Contract*

"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*see Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023], quoting *Klein v Signature Bank, Inc.*, 204 AD3d 892, 895 [2022] [internal quotation marks omitted]).

To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided no evidence demonstrating that the LLC defendant breached the agreement by placing a stop payment. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the LLC defendant breached the agreement, the obligation of the guarantor, was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.

*Unjust Enrichment*

"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Sarker v Das*, 203 AD3d 973 [2d Dept 2022], quoting *Financial Assistance, Inc. v Graham*, 191 AD3d 952, 956 [2d Dept 2021]).

*Fraud*

"The elements of a cause of action to recover damages for fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Hong Qin Jiang v. Li Wan Wu*, 179 AD3d 1041, 1042 [2d Dept 2020], quoting *Tsinias Enters. Ltd. v Taza Grocery, Inc.*, 172 AD3d 1271, 1271 [2d Dept 2019] [internal quotations omitted]).

The plaintiff's causes of action for unjust enrichment and for fraud were both based on the defendants' breach of the agreement. "The existence of a valid contract governing the subject matter of a dispute generally precludes recovery in quasi contract for events arising out of the same subject matter" (*Murtha Constr., Inc. v Town of Southampton Hous. Auth.*, 210 AD3d 896, 897 [2d Dept 2022], quoting *Jaybar Realty Corp. v Armato*, 175 AD3d 1391, 1393 [2d Dept 2019]). "Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud" (*Crowley Mar.*

[* 7]

*Assoc. v Nyconn Assoc.,* 292 AD2d 334, 334 [2d Dept 2002]). Here, the plaintiff is claiming fraud based solely on the defendants' breach of the agreement.

Consequently, the plaintiff's evidentiary submission did not make a prima facie showing that the defendants' were unjustly enriched at the plaintiff's expense. Nor did it plead or demonstrate that the defendants defrauded the plaintiff. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (*Cugini v System Lbr. Co.,* 111 AD2d 114, 115 [1st Dept 1985]).

## CONCLUSION

The motion by Fenix Capital Funding LLC for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, unjust enrichment and fraud as asserted against defendants Memorial Wine Cellar, LLC /D/B/A: Memorial Wine Cellar and Ryan D. Weise is denied.

The foregoing constitutes the decision and order of the Court.

ENTER:

_____
J.S.C.